JOHN WILLETT, Appellant, *v.* MORTIMER L. SCHIFF and Another, Respondents.

First Department, April 4, 1924.

Attorney and client — action to recover for services rendered — agreement between attorney and client that attorney would assist district attorney in criminal prosecution is not in violation of Penal Law, § 1826 — question whether contract was against public policy was for court — said contract not against public policy.

A contract between an attorney and client whereby the attorney agrees to assist a district attorney in criminal proceedings against a third person for a consideration to be paid by the client is not in violation of section 1826 of the Penal Law.

The question whether or not said agreement was against the public policy of this State is one of law and should not have been submitted to the jury.

Furthermore, an agreement of this kind is not in contravention of public policy.

APPEAL by the plaintiff, John Willett, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 30th day of September, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 20th day of June, 1921, denying the plaintiff's motion for a new trial made upon the minutes.

*Joseph C. Stebbins* [*John Willett* of counsel], for the appellant.

*Cravath, Henderson, Leffingwell & De Gersdorff* [*Emory R. Buckner* of counsel; *Hamilton Rogers* and *Wilkie Bushby* with him on the brief], for the respondents.

SMITH, J.:

The plaintiff and the defendant Cravath are attorneys, the latter being the attorney for the defendant Mortimer L. Schiff. The plaintiff brings this action to recover the value of legal services claimed to have been rendered by him at the request of the defendants and upon their agreement to compensate him therefor. The defendants deny any such employment and claim that the services rendered by the plaintiff were rendered as an employee or appointee of the district attorney of Clinton county, N. Y., and if any such contract had been made as claimed by the plaintiff, it would be in violation of the Penal Law and, therefore, void. The plaintiff claims that the trial judge committed errors in his charge to the jury, both in the main charge and in requests to charge made by the defendants, and that these errors were the cause of the verdict in favor of the defendants.

A man by the name of Brandt, who had been employed by the defendant Schiff as a butler, had, at the instance of said defendant, been sentenced to thirty years at Dannemora prison on a plea of guilty of burglary. Dannemora prison is located in Clinton county, N. Y. Considerable newspaper notoriety was given to the fact of the sentence of Brandt, and at the instance of one of the newspapers a habeas corpus writ was sued out to obtain the release of Brandt. This matter was heard at Special Term and resulted in sustaining the writ and discharging Brandt. Upon the hearing upon this writ the district attorney of Clinton county appeared and opposed the granting of the writ, although the order first entered thereon did not show the opposition of the district attorney. The plaintiff claims that on the 27th of February, 1912, at an interview with the defendant Cravath brought about at the instance of the defendant Cravath, he was employed in behalf

First Department, April, 1924.                    [Vol. 208

of the defendant Schiff to endeavor to have the district attorney of Clinton county take an appeal from the order sustaining the writ and to assist the district attorney in taking the appeal, in preparing the papers on appeal and in arguing the matter if necessary, and that thereafter for some considerable time he devoted himself to the matters for which he was employed. We consider that there was sufficient evidence offered by the plaintiff to have justified the jury in finding in favor of the plaintiff on the question of his employment.

The trial judge charged the jury, among other things, as follows: "It is for you to say, and I have purposely left it for you to decide, whether if he [the plaintiff] was acting for the district attorney of Clinton county and at the same time made such an agreement as he says he made with Cravath, whether that agreement would be against public policy." The attention of the trial judge had been called to section 1826 of the Penal Law, which reads as follows: "A public officer or a deputy, clerk, assistant or other subordinate of a public officer, or any person appointed or employed by or in the office of a public officer, who shall, in any manner 'act' for or in behalf of any such officer, who asks or receives, or consents or agrees to receive, any emolument, gratuity or reward, or any promise of emolument, gratuity or reward, or any money, property or thing of value or of personal advantage, except such as may be authorized by law, for doing or omitting to do any official act, or for performing or omitting to perform, or for having performed or omitted to perform any act whatsoever directly or indirectly related to any matter in respect to which any duty or discretion is by or in pursuance of law imposed upon or vested in him, or may be exercised by him by virtue of his office, or appointment or employment or his actual relation to the matter, shall be guilty of a felony, punishable by imprisonment for not more than ten years or by a fine of not more than four thousand dollars, or both."

At the request of the defendants the trial judge charged as follows: " Mr. Buckner: I respectfully ask the Court to charge as follows: If the jury believe from the evidence that the plaintiff in appearing as counsel for or on behalf of the district attorney of Clinton county, in the proceeding entitled *People ex rel. Martin F. Hubert,* Relator, v. *Harry M. Kaiser,* Warden and Agent of Clinton Prison, Defendant, acted as associate or representative of the said. district attorney, then the jury must find for the defendants. The Court: Read that again. Mr. Buckner: May I show it to the court instead of reading it? The Court: Yes, let me see it. I so charge. I have already practically charged that. If the jury believe that this plaintiff was acting as the attorney for the district

attorney of Clinton county, and for Cravath or his firm, or the
Schiffs, then he cannot recover in this case.  Mr. Buckner: Well,
my particular request was that if he was acting as the representative
of the district attorney he could not be acting under the law as the
attorney for the Schiff interests.  May I request that charge?
The Court: Yes, I will so charge.  Mr. Holmes: I take no excep-
tion to the other charge.  I take an exception to the last one, if
your Honor please.  Mr. Buckner: May I respectfully request
the third instruction, which your Honor will read there?  The
Court: If the jury believe from the evidence that the defendant
Paul D. Cravath employed plaintiff to represent Jacob H. Schiff
and Mortimer L. Schiff, in the habeas corpus proceeding entitled
*People ex rel. Martin F. Hubert,* Relator, v. *Harry M. Kaiser,*
Warden and Agent of Clinton Prison, Defendant, and if the jury
also believes from the evidence that the plaintiff thereafter in
appearing in said proceeding and rendering services in said pro-
ceeding also acted on behalf of and as a representative of the district
attorney of Clinton county in the same proceeding, then they must
find for the defendants, because such a contract is contrary to the
statutes and public policy of the State of New York.  I so charge.
Mr. Holmes: I take an exception."

The plaintiff had already asked the court to charge, which request
the trial court disposed of as follows:  " Mr. Holmes: I ask your
Honor one request.  I ask your Honor to charge the jury that if
they find that Mr. Willett was not in any way connected with the
district attorney of Clinton county on the twenty-seventh day of
February, the day that he says the contract was made, that then
there can be no illegality in that contract.  The Court: I leave it
with the jury to say whether under the circumstances disclosed in
this case a contract made at any time such as has been testified to
in this case by Mr. Willett was or was not against public policy."

We think the trial court was in error in his interpretation of
section 1826 of the Penal Law, and that this error led to other
errors in his refusal to charge as requested by the plaintiff.  The
Penal Law should be construed strictly.  The plaintiff rendered
assistance to the district attorney.  No responsibility was placed
upon him.  He had no authority to act for the district attorney
except to assist him in the line of his duty which he owed to the
public.  He had no authority to consent to the abandonment of
this habeas corpus proceeding, or to do any other act, except to
aid the district attorney in the preparation of briefs or in appearing
for him in such manner as he might be directed by the district
attorney himself.  If the district attorney of Clinton county in the
performance of his duty to the public could obtain such assistance

without expense to his county, we think he had the clear right so to do, and that it was not intended by the statute to prohibit one asked to assist the district attorney to this extent from receiving by agreement compensation for his employment by any one who should agree to make such compensation. I can see no acts in violation of public policy in anything that was done by the plaintiff or in any agreement that he claims he made with Mr. Cravath in his own behalf or in behalf of Mr. Cravath's client. I think it matters little whether the agreement was made with Mr. Cravath before or after the appeal from the order discharging Brandt upon habeas corpus. I find no violation of section 1826 of the Penal Law, either in letter or in spirit, in the making of such agreement or in receiving compensation therefor. Whether such an agreement, whenever made, was against public policy, was a question for the court and not for the jury to decide, and this case was defended as to this ground upon what I believe to be a misinterpretation of section 1826 of the Penal Law. That section must rest upon the theory that this plaintiff was "appointed or employed" by the district attorney, and I am unable to find either an appointment or employment by the district attorney within what I conceive to be the meaning of this section.

Nor do I find any deceit of the court, as claimed by the respondent therein. The plaintiff made no misrepresentations to the court, nor in any way attempted to mislead the court into the belief that he was acting as a public officer, other than as a mere assistant for the specific purposes named. No authorities are cited holding that an assistant to the district attorney cannot receive such assistance, or that the party rendering such assistance cannot recover from a third party the compensation agreed to be given therefor. It is rather in the interest of the public than against the interest of the public that criminals be punished. There is no question that any one may make complaint to a magistrate that a crime has been committed. I can see no greater violation of public policy in any assistance rendered to the prosecuting officer in the prosecution of the criminal than in instituting the proceeding for his arrest, and I can conceive that section 1826 of the Penal Law was intended to have no such application.

The judgment and order should, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.